IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CARMELLE JAMISON**                                                                                        **PLAINTIFF**

**V.**                                                                           **NO. 4:21-CV-171-DMB-JMV**

**HARBOR FREIGHT TOOLS INC.**                                                     **DEFENDANT**

**ORDER**

On June 27, 2024, following the arbitration of Carmelle Jamison's pro se claims against Harbor Freight Tools Inc., the Court entered (1) an order that granted Harbor Freight's motion to confirm the arbitration award and denied Jamison's motion to vacate the arbitration award, and (2) a judgment accordingly. Docs. #73, #74. Nearly four weeks later, on July 23, 2024, Jamison filed a document titled, "Plaintiff's Rule 28 USC 455(a) Motion Requesting the Recusal of Judge Brown and Magistrate Virden. Plaintiff Also Motion Pursuant to Rule 52(a)(1)(b) and Rule 59(a)(1)(B)(2)(d)(e) for a New Trial, to Set Aside the Order and/or to Amend the June 24-27, 2024 Orders." Doc. #75.

Because in violation of Local Rule 7(b)(2)(B), Jamison's motion exceeds four pages and contains legal argument and citations to case law; and because in violation of Local Rule 7(b)(4), Jamison failed to file a separate memorandum brief in support of the motion, the motion is denied as procedurally defective.

Even if Jamison's motion lacked procedural defects, it is properly denied for alternative reasons. First, Jamison's conclusory statements and bald arguments alleging the undersigned's partiality to Harbor Freight are insufficient to merit her after-the-fact request for the undersigned's recusal. *See Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) ("The requirements for disqualification under § 455 are not satisfied by rumor, speculation, beliefs, conclusions, innuendo,

suspicion, opinion, and similar non-factual matters.") (cleaned up).  Second, Jamison's request for a "new trial" is patently flawed because there was no trial.[1]  Third, Jamison's arguments to set aside or amend the undersigned's June 27 order and judgment are meritless for the same reasons explained in the June 27 order.  *See* Doc. #73.  Finally, to the extent Jamison requests any other related relief in her motion, such is without merit for similar reasons.[2]

Consequently, Jamison's July 23 motion [75] is **DENIED in Part and REFERRED in Part**.  The motion is DENIED to the extent it seeks the recusal of the undersigned, a "new trial," to set aside or amend the June 27 order and judgment entered by the undersigned, and any other related relief.  The motion is REFERRED to United States Magistrate Judge Jane M. Virden to the extent it seeks Judge Virden's recusal, and to set aside or amend Judge Virden's June 24 order denying Jamison's motion to appoint counsel.

**SO ORDERED**, this 29th day of July, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Since there was no trial and this Court made no factual findings on the merits of Jamison's claims, Jamison's reliance on Federal Rules of Civil Procedure 52(a), 52(b), and 59(a) is misplaced.  *See* Doc. #75 at 2–3, 11.

[2] Many of Jamison's arguments are rambling and demonstrably illogical.  For instance, she contends in this civil action that the "Orders of the Court **are the fruit of a poisonous tree that stem from a sham extrajudicial and extra-illegal process known as arbitration** …."  Doc. #75 at 1 (emphasis in original).