IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CARMELLE JAMISON**                                                                                                      **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 4:21-CV-171-DMB-JMV**

**HARBOR FREIGHT TOOLS, INC.**                                                 **DEFENDANT**

**ORDER**

Before the Court is a motion filed by the *pro se* plaintiff entitled "Plaintiff's Rule 28 USC 455(a) Motion Requesting the Recusal of Judge Brown and Magistrate Virden. Plaintiff also moved pursuant to Rule 52(a)(1)(b) and Rule 59(a)(1)(B)(2)(d)(e) for a New Trial, to Set Aside the Order and/or to Amend the June 24-27, 2024 Orders. [Doc. No. 75]. On this date, Judge Brown found that the motion should be denied in part and referred in part. [Doc. No. 76]. Judge Brown referred the motion to the undersigned "to the extent it seeks Judge Virden's recusal, and to set aside or amend Judge Virden's June 24 order denying Jamison's motion to appoint counsel." [Doc. No. 76].

The undersigned concurs with Judge Brown's finding that the motion is first due to be denied because it is procedurally defective. "Because in violation of Local Rule 7(b)(2)(B), Jamison's motion exceeds four pages and contains legal argument and citations to case law; and because in violation of Local Rule 7(b)(4), Jamison failed to file a separate memorandum brief in support of the motion, the motion is denied as procedurally defective." [Doc. No. 76].

Jamison's motion is further due to be denied because her "conclusory statements and bald arguments alleging the undersigned's partiality to Harbor Freight are insufficient to merit her after-the-fact request for the undersigned's recusal. *See Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th

1

Cir. 2018) ('The requirements for disqualification under § 455 are not satisfied by rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters.') (cleaned up)." [Doc. No. 76].

In addition, Jamison's request to set aside or amend the undersigned's June 24th order denying motion to appoint counsel is meritless for the same reasons explained in the June 24th order. The request is also procedurally improper because pursuant to Fed. R. Civ. P. 72(a), Jamison had fourteen (14) days from the date of the entry of the order denying her motion to appoint counsel [Doc. No. 72] to file objections to the order. No objections were timely filed and a "party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

Consequently, Jamison's July 23rd motion [Doc. No. 75] is **DENIED** to the extent it seeks the undersigned's recusal and to set aside or amend the undersigned's June 24th order denying Jamison's motion to appoint counsel.

SO ORDERED this, the 29th day of July, 2024.

*/s/ Jane M. Virden*
UNITED STATES MAGISTRATE JUDGE